UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| ERVANT ZERONIAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>METROPCS COMMUNICATIONS INC., et al.,<br><br>Defendants. | Civil Action No. 3:09-cv-02392-G<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF KEVIN HOPSON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL**

506396_1

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..................................................................................................................1

II.  FACTUAL BACKGROUND ................................................................................................1

III. ARGUMENT ..........................................................................................................................2

    A.   Mr. Hopson Should Be Appointed as Lead Plaintiff ...............................................2

        1.   This Motion Is Timely ..................................................................................3

        2.   Mr. Hopson Has the Largest Financial Interest in the Relief Sought by the Class ................................................................................................3

        3.   Mr. Hopson Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ..............................................................................................4

    B.   The Court Should Approve Mr. Hopson's Selection of Counsel ............................5

IV.  CONCLUSION .......................................................................................................................6

Class member and proposed lead plaintiff Kevin Hopson respectfully submits this memorandum of law in support of his motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of his selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel and the Kendall Law Group, LLP ("Kendall Law Group") as liaison counsel for the class.

## I.   INTRODUCTION

Presently pending in this district is a securities class action lawsuit brought on behalf of purchasers of the common stock of MetroPCS Communications Inc. ("MetroPCS" or the "Company") between February 26, 2009 and November 4, 2009, inclusive (the "Class Period"), against MetroPCS and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").

The PSLRA provides that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, Mr. Hopson should be appointed as lead plaintiff because he: (1) timely filed a motion; (2) to his and his counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Additionally, Mr. Hopson's selection of Coughlin Stoia as lead counsel and the Kendall Law Group as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.  FACTUAL BACKGROUND

MetroPCS is a Delaware corporation headquartered in Richardson, Texas. The Company offers wireless broadband mobile services in the United States.

During the Class Period, defendants issued a series of false and misleading statements and/or concealed material adverse facts regarding the Company's business and prospects. Specifically,

- 1 -

defendants' statements misrepresented and failed to disclose the following adverse facts: (a) MetroPCS was losing customers at a higher rate than previously experienced and was failing to add new customers due to increased competition; (b) the Company's average revenue per user was lower than expected due to an increase in promotional activity; (c) the Company's increase in subscribers in the first quarter was due to a promotion whereby customers received the first month free and could cancel without penalty; (d) the reported new subscriber numbers were artificially inflated by the inclusion of upgraded subscribers as new additions; (e) the costs of acquiring new customers was increasing due to an intensification of the Company's marketing campaigns in the Northeast market along with its promotional activities; and (f) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about MetroPCS and its prospects.

Then, on November 5, 2009, before the market opened, MetroPCS issued a press release announcing its third quarter 2009 financial results, reporting that the Company's net additions were below expectations due to elevated churn and a deceleration in gross additions, and lowering its guidance for the year. In response to the lowered guidance, the price of MetroPCS stock fell $0.61 per share, or 9%, to close at $6.01 per share.

III.  ARGUMENT

    A.  **Mr. Hopson Should Be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court "shall adopt a presumption that the most adequate plaintiff is the person" that:

>   (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Here, Mr. Hopson meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1.    Mr. Hopson's Motion Is Timely

The notice published in this action on December 15, 2009, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of December 15, 2009, or February 16, 2010. *See* Appendix of Exhibits in Support of Kevin Hopson's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Counsel ("App."), Ex. A; *see also* Fed. R. Civ. P. 6(a)(1) (setting rule for calculating filing deadlines for motion papers). Mr. Hopson's motion is therefore timely. 15 U.S.C. §78u-4(a)(3)(A).

In addition, Mr. Hopson submitted a sworn certification confirming his willingness and ability to serve as lead plaintiff. *See* App., Ex. B. Thus, Mr. Hopson has complied with the PSLRA's procedural requirements and is entitled to be considered for appointment as lead plaintiff.

### 2.    Mr. Hopson Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Hopson lost more than $292,000 due to defendants' misconduct. *See* App., Exs. B-C. To the best of his and his counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Mr. Hopson satisfies the PSLRA's "largest financial interest" requirement.

### 3. Mr. Hopson Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the proceedings, Mr. Hopson need only make a preliminary showing that he satisfies the typicality and adequacy requirements. *Buettgen v. Harless*, No. 3:09-CV-0938-K, 2009 U.S. Dist. LEXIS 104604, at *5 (N.D. Tex. Nov. 9, 2009).

"'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics as that of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *Schwartz v. TXU Corp.*, No. 3:02-CV-2243-K, 2005 U.S. Dist. LEXIS 27077, at *48-*49 (N.D. Tex. Nov. 8, 2005) (citation omitted). Here, if successful in proving his injury and the losses resulting from defendants' allegedly fraudulent scheme, Mr. Hopson will necessarily prove the conduct which underlies the claims of all purported plaintiffs, just as he will establish the elements of those claims. *Buettgen*, 2009 U.S. Dist. 104604, at *6. Accordingly, Mr. Hopson's claims are typical of those of the purported class members.

"To meet the adequacy-of-representation requirement of Rule 23(a)(4), Courts consider (1) whether the named representative shares common interest with other class members, and (2) whether the named representative will vigorously prosecute the interests of the class through the class counsel." *Schwartz*, 2005 U.S. Dist. LEXIS 27077, at *50. Here, Mr. Hopson is well suited to adequately represent the purported class because he has a significant financial interest in the litigation and has selected competent counsel. *See* App., Exs. B-E.

Mr. Hopson has sufficiently demonstrated that he satisfies both the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure to the degree required by the statute.

- 4 -

506396_1

Therefore, the Court should adopt the presumption that Mr. Hopson is the "most adequate plaintiff" under the PSLRA.

### B. The Court Should Approve Mr. Hopson's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Mr. Hopson has selected Coughlin Stoia to serve as lead counsel and the Kendall Law Group as liaison counsel. *See* App., Exs. D-E.

The counsel selected by Mr. Hopson have previously been recognized by this Court as "two of the nations' preeminent plaintiffs' class action law firms." *Schwartz*, 2005 U.S. Dist. LEXIS 27077, at *50-*51 (noting that the "lawyers from those firms responsible for the prosecution of this case have taken leading roles in numerous important actions on behalf of investors asserting claims of fraud"). In approving the "largest cash settlement in a securities class action ever in this District," this Court also found that the lawyers with Coughlin Stoia and the Kendall Law Group "amply demonstrated their competence through their representation of Lead Plaintiffs." *Id.*; *see also In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of Coughlin Stoia is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

In sum, the experience and resources which Coughlin Stoia and the Kendall Law Group will bring to this action if approved as lead and liaison counsel on behalf of the class will ensure the class' interests are responsibly and vigorously advanced. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia and the Kendall Law Group. *See* App., Exs. D-E. Accordingly, Mr. Hopson's selection of counsel should be approved.

- 5 -
506396_1

## IV.  CONCLUSION

Mr. Hopson has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Hopson respectfully requests that the Court appoint Mr. Hopson as Lead Plaintiff, approve his selection of counsel, and grant such other relief as the Court may deem just and proper.

DATED:  February 16, 2010          Respectfully submitted,

KENDALL LAW GROUP, LLP
JOE KENDALL (State Bar No. 11260700)


              s/ JOE KENDALL
                JOE KENDALL

3232 McKinney Avenue, Suite 700
Dallas, TX  75204
Telephone:  214/744-3000
214/744-3015 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
ANNE L. BOX
BRIAN O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

- 6 -

506396_1

CERTIFICATE OF SERVICE

    I hereby certify that on February 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

| | |
|---|---|
| Legal Department<br>MetroPCS Communications Inc.<br>2250 Lakeside Blvd.<br>Richardson, TX  75082 | Jeffrey A. Berens<br>Dyer & Berens LLP<br>303 East 17th Street, Suite 300<br>Denver, CO  80203 |

Michael I. Fistel, Jr.
Holzer Holzer & Fistel, LLC
200 Ashford Center North, Suite 300
Atlanta, GA  30338

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 16, 2010.

    s/ JOE KENDALL
    JOE KENDALL

    KENDALL LAW GROUP, LLP
    3232 McKinney Avenue, Suite 700
    Dallas, TX  75204
    Telephone:  214/744-3000
    214/744-3015 (fax)
    E-mail:  jkendall@kendalllawgroup.com

506396_1

# Mailing Information for a Case 3:09-cv-02392-G

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com

- **Hamilton Lindley**
  hlindley@kendalllawgroup.com,administrator@kendalllawgroup.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`